UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-22782-civ-COOKE/TORRES

BENJAMIN FERNANDEZ, GUSTAVO
MARTINEZ, OSCAR LUZURIAGA, and
DANIEL ARAUJO as trustees of and
on behalf of the LAAD RETIREMENT PLAN,
and as trustees of and on behalf of the
LAAD CORPORATION S.A. MONEY
PURCHASE RETIREMENT PLAN, and on
behalf of all others similarly situated,

   Plaintiffs,

v.

MERRILL LYNCH, PIERCE,
FENNER & SMITH INCORPORATED,

   Defendant.
_____/

**ORDER ON MOTION TO COMPEL REQUESTS FOR PRODUCTION**

This matter is before the Court on Plaintiffs' Motion to Compel Plaintiffs' Third and Fourth Requests for Production (the "Motion") [D.E. 116], to which Defendant responded in opposition and Plaintiffs replied. The issues raised in the motion are ripe for adjudication. The Court's Rulings follow.

 A. *Standard of Review*

Federal Rules of Civil Procedure defines the scope of discovery as including "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b). "The Federal Rules of Civil Procedure strongly favor full

1

discovery whenever possible." *Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545, 1547 (11th Cir. 1985). Courts must consequently employ a liberal and broad scope of discovery in keeping with the spirit and purpose of these discovery rules. *Rosenbaum v. Becker & Poliakoff, P.A.,* 708 F. Supp. 2d 1304, 1306 (S.D. Fla. 2010) (collecting cases). To sustain a discovery objection, the party opposing production must show that the requested discovery has no possible bearing on the claims and defenses raised in the case. *See, e.g., Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.,* 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008). This means that the party must demonstrate either that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26 or (2) is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosures. *Milinazzo v. State Farm Ins. Co.,* 247 F.R.D. 691, 695 (S.D. Fla. 2007). And to show that the requested discovery is otherwise objectionable, the onus is on that party to demonstrate with specificity how the objected-to request is unreasonable or otherwise unduly burdensome. *Rossbach v. Rundle,* 128 F. Supp. 2d 1348, 1354 (S.D. Fla. 2000) (citing in part *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th Cir. 1985) (objections must be "plain and specific enough so that the court can understand in what way the [requested discovery] are alleged to be objectionable")).

### B. *FINRA Documents*

The Court finds that Defendant's objections are overruled as to production of copies of the "Merrill Lynch's communications with FINRA relating to the 2014 FINRA AWC Letter and/or the remediation (rounds 1 and 2)". Contrary to Defendant's argument, this request is not simply a cloned discovery request that has

2

no relationship to only the issues raised in this lawsuit. To the contrary, there is a substantial relationship between that FINRA inquiry and the issues raised in this action.

Defendant argues that it has reviewed that broader production to FINRA as part of its regulatory jurisdiction and culled those documents that only related to this lawsuit. But Plaintiffs rightly complain that the past history of this litigation demonstrates that Defendant has taken too narrow a view of what was truly involved in the allegations raised by Plaintiffs and those similarly situated. As a result, there is good cause to review the entirety of that production, which is by no means unduly large given the nature of the case, to assure for themselves that all relevant documents have been produced. Moreover, because Plaintiffs have provided Defendant with the documents produced by FINRA itself, Defendants need only produce the universe of documents that fall outside that subpoenaed production. That accommodation lessens any undue burden that Defendant originally raised.

Finally, with respect to the argument that the broader request includes settlement communications that Defendant had with FINRA, Plaintiffs are entirely well-founded in their argument that Rule 408 is *not* a discovery rule, but rather an admissibility rule. In order for Plaintiff to be able to argue that Rule 408 has no application to all these documents, even if settlement-related, Plaintiff must have access to them. That is what discovery is for. The parties will be able to address in full at a later stage whether any of those documents are admissible at trial.

So the motion to compel is GRANTED as to this request. Defendant shall produce the responsive documents required within seven days, but subject to the restrictions set forth in the confidentiality Order in place.

C. *<u>Overpayment Documents</u>*

Plaintiffs claim that this request for all documents evidencing Defendant's overpayment defense remains outstanding and should be compelled. Plaintiffs argue that Defendant should be required to answer by identifying any such documents that evidence such overpayment. Defendant, however, argues that it has produced all responsive documents that Rule 34 would require, through prospectuses that were produced showing the sales charge eligibility requirements, as well as data showing which customers received remediation for purchases of each mutual fund. From there, Defendant argues, Plaintiffs can compare the prospectus requirements for each fund to the customer remediation payments for each fund; any funds whose prospectuses did not provide for a sales charge waiver for retirement plans for any period of time but were in fact remediated were, by definition, overpaid for such purchases. In short, Defendant's position is that any underlying documents going to their overpayment defense have been turned over and there is, thus, nothing left to compel.

Defendant challenges Plaintiffs' request, however, to the extent it seeks Defendant to create new summaries or documents that evidence which precise customers fit into that latter category and received remediation that Defendant was not obligated to make. And to create such summaries, Defendant would face the daunting task that it elected not to pursue initially, especially given that much of the data necessary to make that ultimate calculation resides with third parties (the plans themselves or their recordkeepers).

Given the issues that are in dispute in this case, and especially given the Court's greater understanding of such issues following the hearing on the motion for

4

class certification, Defendant's position is certainly well founded at least for purposes of this Rule 34 request. The Court is satisfied that further Rule 34 relief is not necessary given the documentation that has been produced and the precise nature of Defendant's defense. Ultimately, Plaintiffs' qualm with the production is the same as their challenge to the entire defense position. Whether Plaintiff prevails on that greater issue or not, this request is not the vehicle to reach that conclusion. The Court thus finds that no relief is warranted based on Defendant's representation that all available records have been produced. Moreover, the Court notes that the Order compelling production of all FINRA documents may also help to cure any deficiencies in the production to this request. The motion is thus Denied in this respect.

### D.   *Attorneys' Fees*

The Court cannot award attorneys' fees as it does not find that Defendant was without some substantial justification as to its position. The motion for fees is thus Denied.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of March, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge