UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-22782-Civ-COOKE/TORRES

BENJAMIN FERNANDEZ, GUSTAVO
MARTINEZ, OSCAR LUZURIAGA, and
DANIEL ARAUJO as trustees of and on
behalf of the LAAD RETIREMENT PLAN,
and as trustees of and on behalf of the LAAD
CORPORATION S.A. MONEY PURCHASE
RETIREMENT PLAN, and on behalf of all
others similarly situated,

   Plaintiffs,

v.

MERRILL LYNCH, PIERCE, FENNER &
SMITH, INC.,

   Defendant.
_____/

**REPORT AND RECOMMENDATION ON
ORDER PRELIMINARILY APPROVING
<u>SETTLEMENT AND PROVIDING FOR NOTICE</u>**

  This matter is before the Court on the motion of Benjamin Fernandez, Gustavo Martinez and Oscar Luzuriaga, as trustees of and on behalf of the LAAD Retirement Plan, and as trustees of and on behalf of the LAAD Corporation S.A. Money Purchase Retirement Plan ("Plaintiffs"), seeking preliminarily approval of the proposed Settlement Agreement and Release of this action ("Settlement Agreement"), to certify the Settlement Class, to approve the form and method of providing notice to the Settlement Class of the proposed Settlement, and to set a date for a fairness hearing on the proposed Settlement.

The matter was referred to the undersigned for appropriate disposition. A hearing was held on the motion on September 26, 2017, after notice to all interested parties was provided. No opposition or response to the motion was filed in any way in advance of the hearing, nor did any party appear at the hearing to object to any proposed settlement term or entry of the relief jointly requested by the parties.

Accordingly, the motion is now ripe for disposition. The Court finds that the motion should be GRANTED as set forth below.

*A*.

The approve a settlement of a class action, the district court must find that it "is fair, adequate and reasonable and is not the product of collusion between the parties." *Bennett v. Behring Corp.,* 737 F.2d 982, 986 (11th Cir. 1984) (quoting *Cotton v. Hinton,* 559 F.2d 1326, 1330 (5th Cir. 1977)). Determining the fairness of the settlement is left to the sound discretion of the trial court. *See In re Chicken Antitrust Litig. Am. Poultry,* 669 F.2d 228, 238 (5th Cir. Unit B 1982). Approval of such a settlement is founded on the strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement. *See United States v. City of Miami,* 614 F.2d 1322, 1344 (5th Cir. 1980); *In re Nissan Motor Corp. Antitrust Litig.,* 552 F.2d 1088, 1105 (5th Cir. 1977) ("Settlement agreements are highly favored in the law and will be upheld whenever possible because they are a means of amicably resolving doubts and uncertainties and preventing lawsuits.").

A settlement is fair, reasonable and adequate when "the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued." *In re Checking Account Overdraft Litig.,* 830 F. Supp. 2d 1330, 1344-

45 (S.D. Fla. 2011) (King, J.) (quoting *In re Lorazepam & Clorazepate Antitrust Litig.,* MDL No. 1290, 2003 WL 22037741, at *2 (D.D.C. June 16, 2003) (quoting Manual for Complex Litigation (Third) § 30.42 (1995)). The Court is "not called upon to determine whether the settlement reached by the parties is the best possible deal, nor whether class members will receive as much from a settlement as they might have recovered from victory at trial." *Id.* at 1345 (*quoting In re Mexico Money Transfer Litig.,* 164 F. Supp. 2d 1002, 1014 (N.D. Ill. 2000) (citations omitted)). Instead, preliminary approval is appropriate where the proposed settlement is "the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason.*" Smith v. Wm. Wrigley Jr. Co.,* 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010) (Cohn, J.).

A federal court's approval of a class action settlement proceeds in two steps. First, the court determines whether to conditionally certify a settlement class and notify class members of the pending settlement and a right to participate in a final fairness hearing. *See, e.g., Wilson v. Everbank, NA.,* 2015 WL 10857344, at *1 (S.D. Fla. Aug. 31, 2015). Then, second, after notice to the class and time and opportunity for absent class members to object or otherwise be heard, the court considers whether to grant final approval. *See, e.g., Smith,* 2010 WL 2401149 at *2.

***B.***

In applying these factors, it is hereby RECOMMENDED that the following Findings be entered:

1. The Court should preliminarily find that the Settlement is capable of being finally approved. This case presents sufficiently disputed factual questions

and complex legal issues. The parties engaged in vigorous litigation to date, and had completed merits discovery at the time that the Settlement Agreement was negotiated.

2. The Settlement Agreement was the product of arm's length negotiation by counsel who are experienced in complex class action and financial services industry litigation. And, settlement was achieved with the significant assistance of an experienced private mediator, a factor that also favors approval of the resulting settlement. *See, e.g., D'Amato v. Deutsche Bank,* 236 F.3d 78, 85 (2d Cir. 2001) (a "mediator's involvement in . . . settlement negotiations helps to ensure that the proceedings were free of collusion and undue pressure").

3. Class Counsel have substantial experience in complex class action litigation and are well-qualified to assess the value of Plaintiffs' claims. Moreover, there are substantial risks, expenses and uncertainty likely in the event that this action is not settled. As the parties discussed at the hearing, many issues of fact or law would remain to be decided if a settlement is not reached, any one of which would materially affect the outcome for Plaintiffs and Defendants. A compromise of the claims and defenses is warranted under the circumstances, yet which compromise results in a substantial material benefit to all members of the proposed class.

4. The Court should approve the Settlement Class, as defined in the Settlement Agreement. "A class may be certified solely for purposes of settlement where a settlement is reached before a litigated determination of the class certification issue." *Figueroa v. Sharper Image Corp.,* 517 F. Supp. 2d 1292, 1299

(S.D. Fla. 2007). To certify a class for settlement purposes under Rule 23(e), the settlement class must satisfy the requirements of Rules 23(a) and 23(b). *See Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 622 (1997); *Pickett v. Iowa Beef Processors,* 209 F.3d 1276, 1279 (11th Cir. 2000). Accordingly, the Court should further find that the Rule 23(a) and (b)(1) requirements are satisfied:

a. Rule 23(a)(1) requires that the Class be so numerous that individual joinder of all plaintiffs is impracticable. Fed. R. Civ. P. 23(a)(l). The numerosity requirement is met here because there are tens of thousands of Settlement Class Members.

b. Rule 23(a) further requires a showing that there are questions of fact or law common to the class. Fed. R. Civ. P. 23(a)(2). Commonality "is generally satisfied [where] defendants have engaged in a standardized course of conduct that affects all class members" and there is "a common question capable of common resolution." *Sanchez-Knutson v. Ford Motor Co.,* 310 F.R.D. 529, 536 (S.D. Fla. 2015) (Dimitrouleas, J.). Common questions of fact and law exist here. The common questions of law presented include whether Defendant had a fiduciary duty to Plaintiffs and the Settlement Class under ERISA and whether Defendant breached that fiduciary duty. In addition, there are common questions relating to the amount of damages suffered by Settlement Class Members, including whether Defendant repaid the full amount of the excess sales charges imposed upon the plans with appropriate interest; and the amount of profits Defendant received in the form of compensation and other payments derived from the excess sales charges that

Defendant caused Plaintiffs and Settlement Class Members to pay. Each is capable of common resolution and is sufficient to meet the commonality requirement.

      c.    Rule 23(a)(3) mandates that the claims of the putative class representatives are typical of the claims of the broader class. Fed. R. Civ. P. 23(a)(3). Typicality assures "that the named representatives' interests are aligned with those of the class" and focuses on "whether named representatives' claims have the same essential characteristics as the claims of the class at large." *Singer v. AT&T Corp.,* 185 F.R.D. 681, 689 (S.D. Fla. 1998). Here, Plaintiffs and the Settlement Class Members purportedly experienced breaches of the same fiduciary duty by Defendant. Plaintiffs and the Settlement Class Members' claims arise from Defendant's alleged failure to apply sales charge waivers to certain eligible retirement plans that purchased shares of mutual funds. Thus, Plaintiffs' claims are typical of the larger Settlement Class.

      d.    The final Rule 23(a) prerequisite demands a showing that the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). Here, Plaintiffs pursued this litigation vigorously in an effort to obtain the maximum recovery, both for themselves and for other Settlement Class Members. Plaintiffs actively investigated and uncovered potential overcharges to their accounts, sought counsel, participated in and monitored the lawsuit, sat for depositions and otherwise responded to discovery about their own Plans and participated in mediation. Further, Plaintiffs (like all Settlement Class Members) are retirement plan trustees who owe fiduciary obligations to their retirement plan beneficiaries. Plaintiffs' interests align with the Settlement Class

Members' interests. In addition, Class Counsel are experienced in complex class action litigation and FINRA issues, and have successfully prosecuted numerous cases in courts throughout the country and in this District. For these reasons, the Court should find that Plaintiffs and Class Counsel meet the adequate representative requirement of Rule 23(a)(4).

   e. Finally, Plaintiffs seek certification of their claims for settlement purposes under Rule 23(b)(1), which provides for certification where "the prosecution of separate actions by ... individual members of the class would create a risk of (A) inconsistent or varying adjudications ... which would establish incompatible standards for the party opposing the class, or (B) adjudications with respect to the individual members of the class which would be dispositive of the interest of the other members not parties to the adjudications." Fed. R. Civ. P. 23(b)(1). The Court concludes that the Rule 23(b)(l) requirements are satisfied here. Plaintiffs have sought, and the Settlement Agreement provides for, the complete recovery of losses to the plans. The Settlement also provides substantial disgorgement of profits. The civil enforcement mechanism under which Plaintiffs bring their claims, 29 U.S.C. §1132(a)(2), provides the avenue for pursuing such recovery and is a "paradigmatic example[] of claims appropriate for certification as a Rule 23(b)(1) class." *In re Schering Plough Corp. ERISA Litig.,* 589 F.3d 585, 604 (3d Cir. 2009). The risk of establishing inconsistent standards here is acute because the crux of Plaintiffs' claims involves the determination of whether Defendant had a fiduciary duty to obtain sales charge waivers for certain customers and breached that duty by failing to do so. If Defendant had a fiduciary duty in this content, then

it is common to all Settlement Class Members. Consequently, there is a risk that, if class members were required to bring separate actions against Defendant for the same act, inconsistent adjudications could result that would establish incompatible standards of conduct for Defendant and Defendant could be subject to numerous inconsistent rulings.

5. In accordance with these findings, the Court should further preliminarily approve the Settlement Agreement subject to the notice and a fairness hearing set by the Court's Order.

6. The Court should approve the form of the Settlement Class notice submitted to the Court ("Settlement Notice") which the undersigned has reviewed and finds to be in accordance with Rule 23. The Settlement Notice should be provided to the Settlement Class Members pursuant to Fed. R. Civ. P. 23(e)(1). The Order should further direct that, within **twenty (20)** days of the entry of the Order, the Settlement Notice will be sent to Settlement Class Members by email (when available) or first class mail to the Settlement Class Member's last known address.

7. Within that time, the Settlement Administrator will establish a website containing the Settlement Agreement and Settlement Notice and a toll-free telephone number to which Settlement Class Members can direct questions. The mailing and emailing of the Settlement Notice to Settlement Class Members provides due and sufficient notice of the proceedings, of the proposed settlement, and of the settlement approval procedure, thus satisfying the requirements of Fed. R. Cir. P. 23 and due process. The Court finds that such notice is the best notice

practicable under the circumstances and will effectuate actual notice to the Settlement Class of the settlement.

8. A fairness hearing should then be conducted, no earlier than **forty (40)** days thereafter, at which time the Court will finally determine the fairness, reasonableness, and adequacy of the terms and conditions of the settlement set forth in the Settlement Agreement and the Fee and Expense Application submitted by Class Counsel. The Preliminary Order shall provide that any Settlement Class Member may appear personally or by counsel at the hearing and may object or express his or her view regarding the Settlement Agreement and Fee and Expense Application. However, a Settlement Class Member should not be heard, nor be entitled to contest the approval by this Court of the Settlement Agreement or Fee and Expense Application, unless on or before the date of the fairness hearing he or she files with the Clerk of this Court written objections, together with any Notice of Intention to Appear and any papers he or she proposed to submit to this Court at the hearing. Notice of objection shall be filed on the docket and served on

(a) Donald Havermann, Morgan, Lewis & Bockius, LLP, 1111 Pennsylvania Ave., N.W., Washington, DC 20004;

(b) Jason Kellogg, Levine Kellogg Lehman Schneider+ Grossman LLP, 201 South Biscayne Boulevard, 22nd Floor, Miami, Florida 33131; and

(c) Frank Rodriguez, Rodriguez Tramont & Nunez, P.A., 255 Alhambra Circle, Suite 1150, Coral Gables, Florida 33134.

9. Any Settlement Class Member who does not file and serve his or her objection in this manner should be deemed to have waived his or her objections and

be forever precluded from making any objections to the fairness or adequacy of the proposed Settlement Agreement.

10. The parties may submit briefs in response to any objection(s) and in support of final approval of the Settlement on or before the date of the fairness hearing or no later than ten days thereafter.

11. Plaintiffs shall file Class Counsel's Fee and Expense Application on or before seven days prior to the scheduled fairness hearing.

## C.

For the foregoing reasons, it is hereby ORDERED AND ADJUDGED that the Joint Motion for Preliminary Approval be GRANTED and a Preliminary Approval Order be entered in a form substantially consistent with this Report and Recommendation.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties of record or any interested party shall have until **October 4, 2017** within which to file written objections, if any, to this Report and Recommendation with the District Judge. Given the absence of objection to date, and the good cause required for submission of class notice of the Preliminary Approval Order as soon as practicable, the Court finds good cause under Rule 4, S.D. Fla. Mag.J. Rules, to expedite any objections to this Report. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell,* 2017 WL 443634

(11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 29th day of September, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge