# Exhibit 3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 15-22782-cv-MGC

BENJAMIN FERNANDEZ, GUSTAVO
MARTINEZ, OSCAR LUZURIAGA, and
DANIEL ARAUJO as trustees of and on
behalf of the LAAD RETIREMENT PLAN,
and as trustees of and on behalf of the
LAAD CORPORATION S.A. MONEY
PURCHASE RETIREMENT PLAN, and on
behalf of all others similarly situated,

    Plaintiffs,

v.

MERRILL LYNCH, PIERCE,
FENNER & SMITH INCORPORATED,

    Defendant.

_____/

## DECLARATION OF BENJAMIN FERNANDEZ

I, BENJAMIN FERNANDEZ, declare:

1. I have personal knowledge of the facts and matters alleged herein and can competently testify to same.

2. I am a trustee of the LAAD Retirement Plan ("LRP") and, during its existence and at the time of its termination, was a trustee of the LAAD Corporation S.A. Money Purchase Retirement Plan ("LMPRP,"[1] collectively with LRP, the "LAAD Plans").

3. On or after January 20, 2015, the LAAD Plans received correspondence from Merrill Lynch that referred to a reimbursement for sales charges pursuant to a "regulatory

---

[1] The LMPRP was terminated as of November 2009, and all assets of the LMPRP were transferred to the LRP in March 2010.



settlement" between the Financial Industry Regulatory Authority and Merrill Lynch. I, together with my colleagues Gustavo Martinez, Oscar Luzuriaga, as trustees for the LAAD Plans (the "Trustees"), noticed that the amounts Merrill Lynch refunded to the LAAD Plans appeared to be less than the improper sales charges actually paid by the LAAD Plans.[2]

4. In 2015, the Trustees and I sent the Merrill Lynch correspondence to the firm Rodriguez Tramont & Nuñez P.A., which represented LAAD Corporation in previous matters, and inquired about potential issues with the Remediation payments by Merrill Lynch. Our attorneys asked Merrill to provide an accounting of the Remediation payments made to the LAAD Plans, but Merrill refused.

5. As fiduciaries to our own retirement plans, we as the Trustees felt compelled to bring this action and to undertake the daunting task of challenging a nationwide remediation made by a large financial services firm.

6. The Trustees and I have never before served as class representatives.

7. As far as we know, the Trustees and I were the only trustees of a RCMA 05 small business retirement plan to bring a claim — or even raise questions about — the issues that have resulted in the Class Settlement.

8. The Trustees and I monitored and actively participated in the formulation and prosecution the action, and all three of us were deposed. Each of us traveled to Atlanta to attend at least one of the two mediation sessions, and each gave substantive input into the settlement negotiation strategy.

---

[2] The Trustees originally included my now-former colleague and former LAAD Plans trustee, Daniel Araujo.



Case No. 15-22782-cv-MGC

I declare under penalty of perjury under the laws of the United States of America, which I submit to for purposes of this testimony, that the foregoing is true and correct.

Executed this 22 day of November, 2017, in Miami, Florida.

_____
BENJAMIN FERNANDEZ