# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 15-22782-cv-MGC**

BENJAMIN FERNANDEZ, GUSTAVO
MARTINEZ, OSCAR LUZURIAGA, and
DANIEL ARAUJO as trustees of and on
behalf of the LAAD RETIREMENT PLAN,
and as trustees of and on behalf of the
LAAD CORPORATION S.A. MONEY
PURCHASE RETIREMENT PLAN, and on
behalf of all others similarly situated,

       Plaintiffs,

v.

MERRILL LYNCH, PIERCE,
FENNER & SMITH INCORPORATED,

       Defendant.

_____/

## DECLARATION OF JOSE C. FRAGA

I, JOSE C. FRAGA, declare and state as follows:

1.     I am a Senior Director, Operations at Garden City Group, LLC ("GCG"), and the third-party Settlement Administrator in this case. The following statements are based on my personal knowledge of the facts and matters alleged herein as well as information provided by other GCG employees working under my supervision, and if called on to do so, I could and would testify competently thereto.

2.     GCG has extensive experience in class action administrations, including antitrust, civil and human rights, consumer and product defect, data breach, ERISA, labor and employment and securities matters. GCG has offices in Lake Success, New York; Seattle, Washington; Dublin, Ohio; Tallahassee, Florida; and Waterloo, Canada. GCG has hundreds of

employees, including former class action attorneys, software engineers, call center professionals, in-house legal advertising specialists, and graphic artists with extensive website design experience, among other professionals.

## MAILING OF THE CLASS NOTICE

3.      Pursuant to the Settlement Agreement,[1] on November 2, 2017, GCG disseminated the Settlement Notice via first class mail to each of the 38,909 Settlement Class Members at their last-known address as provided by Merrill Lynch.  Attached as **Exhibit A** is a true and correct copy of the Settlement Notice.  Prior to mailing, GCG ran all U.S. mailing addresses through the U.S. Postal Service National Change of Address database in an attempt to obtain the most current address for Settlement Class Members.  That database contains all requested changes of address which have been filed with the United States Postal Service within the last 48 months and are currently in effect.  Any new addresses obtained through this process were updated in the database created specifically for this Settlement (the "Settlement Database").  A total of 2,093 Settlement Class records were updated with a new address prior to the mailing.

4.      As of November 30, 2017, the U.S. Postal Service had returned 3,914 Settlement Notices as undeliverable.  GCG performed skip traces for all undeliverable Settlement Notices that were returned without forwarding addresses.  Through November 30, 2017, updated addresses were obtained through the skip-trace process for 49 of those Settlement Class Members.

5.      On December 5, 2017, the skip-trace process was subsequently conducted which included the corresponding tax identifications numbers (EIN), provided by Merrill Lynch, for 3,865 Settlement Class Members whose addresses were not obtained through the initial skip-

---

[1] All capitalized terms not otherwise defined herein have the same meaning a set forth in the Settlement Agreement [D.E. 169-1].

trace process as well as additional records of Settlement Notices returned by the U.S. Postal Service as undeliverable after November 30, 2017

6.      Updated addresses were obtained through the subsequent EIN skip-trace process for 384 of those Settlement Class Members.  On December 6, 2017, GCG promptly re-mailed via United States Postal Service Priority Mail 433 Settlement Notices to the Settlement Class Members whose updated addresses that were received as a result of the subsequent skip-trace process and to 49 other Settlement Class Members for whom updated addresses were provided.

7.      In total, on or before December 6, 2017, GCG promptly re-mailed 1,299 Settlement Notices to updated addresses received as a result of the skip-trace process as well as to forwarding addresses provided by the U.S. Postal Service.  GCG will also use these updated addresses in the Settlement Payment process.

## WEBSITE AND TELEPHONE HELPLINE

8.      GCG designed, implemented, and maintains a website dedicated to this Settlement (the "Settlement Website").  The Settlement Website, located at www.fernandezvmerrilllynchsettlement.com, became active on November 2, 2017.  The Settlement Website contains links to the Settlement Notice and Settlement Agreement.  The Settlement Notice provided the web address for the Settlement Website.  The Settlement Website is accessible 24 hours a day, seven days a week.

9.      In addition, on November 2, 2017, GCG established and maintains a toll-free telephone Settlement Information Line with Customer Service Representatives available during business hours, 9:00 am to 5:00 pm ET, to accommodate Settlement Class Members.  GCG developed a list of frequently asked questions and answers with input from the parties and their

counsel, to be used by the Customer Service Representatives to assist Settlement Class Members. The Settlement Notice included the number for the toll-free telephone hotline.

10.    As of December 4, 2017, GCG has received a total of 60 calls to the Settlement Information Line.    None of the Settlement Class Members that contacted the Settlement Information Line stated an intention to object to the Settlement Agreement or its terms. GCG has not received any written notification from any Settlement Class Member that objects to the Settlement Agreement or its terms.

I declare under penalty of perjury under the laws of the United States of America, which I submit to for purposes of this testimony, that the foregoing is true and correct.

Executed this 6th day of December, 2017, in Lake Success, NY.

JOSE C. FRAGA

4

# *EXHIBIT A*

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 15-cv-22782-Cooke/Torres

---

BENJAMIN FERNANDEZ, GUSTAVO MARTINEZ, OSCAR
LUZURIAGA, and DANIEL ARAUJO as trustees of and on
behalf of the LAAD RETIREMENT PLAN, and as trustees of and
on behalf of the LAAD CORPORATION S.A. MONEY
PURCHASE RETIREMENT PLAN, and on behalf of all others
similarly situated,

        Plaintiffs,

v.

MERRILL LYNCH, PIERCE, FENNER & SMITH,
INCORPORATED,

       Defendant.

---

**IMPORTANT NOTICE ABOUT PROPOSED CLASS
ACTION SETTLEMENT THAT AFFECTS YOU**

READ THIS NOTICE CAREFULLY.  A FEDERAL COURT AUTHORIZED
THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.

### 1.    Why did I receive this notice?

You received this notice because you have a right to know about a proposed settlement of a class action lawsuit and your options before the court decides whether to approve the settlement. If the settlement is approved, certain payments will be distributed to Class Members, and Class Members will release claims arising from the actions at issue in the lawsuit. This package explains the lawsuit, the settlement, and your legal rights.

The court in charge of this case is the United States District Court for the Southern District of Florida, and the case is known as *Benjamin Fernandez v. Merrill Lynch, Pierce, Fenner & Smith Incorporated*. The persons who brought the lawsuit are the Plaintiffs, and the company they sued is called the Defendant, sometimes also referred in this notice as "Merrill Lynch." Plaintiffs and Defendant together are called the Parties.

### 2.    What is this lawsuit about?

Before Plaintiffs filed this lawsuit, Merrill Lynch entered into a Letter of Acceptance, Waiver and Consent ("AWC") with the Financial Industry Regulatory Authority ("FINRA"), in which FINRA alleged that Merrill Lynch did not provide appropriate sales charge waivers for mutual fund purchases by small business retirement accounts held by certain retirement plans. As stated in the AWC, Merrill Lynch made two sets of remediation payments, one voluntary and another pursuant to the AWC (collectively, the "Remediation"), to the accounts that comprise the Settlement Class, which totaled about $79 million. Plaintiffs, believing the Remediation to be insufficient, filed this lawsuit alleging breaches of fiduciary duty under the Employee Retirement Income Security Act ("ERISA").

Plaintiffs allege that Merrill Lynch was a "fiduciary" under ERISA and brought two claims for breach of fiduciary duty. The first alleged that Merrill Lynch violated its fiduciary duties by failing to discharge its duties solely in the interest of the plan participants and beneficiaries. The second claim alleged that Merrill Lynch dealt with plan assets in its own interest or for its own account. Plaintiffs sought both damages, or additional remediation, and disgorgement of profits that they contended Merrill Lynch earned as a result of its conduct.

### 3.    What is a class action?

In a class action, one or more persons called Class Representatives sue on behalf of people who have similar claims. All of these people are the Class or Class Members. One court resolves the issues for all Class Members, and all Class Members are bound by the court's decision or settlement.  United States District Judge Marcia G. Cooke is in charge of this action.

### 4.    Why is there a settlement?

Plaintiffs believe that settlement is in the best interest of Class Members because it will provide them with full repayment of the sales charges for mutual funds purchased without sales charge waivers. It also provides significant, although not full, payment of the amount of additional profits that Plaintiffs contend Merrill Lynch earned as a result of the sales charges. If the case is not settled and goes to trial, the court could determine, as Defendant has argued, that Defendant did not have a fiduciary duty to the Class Members or, even if it did, Defendant did not breach that duty; or that Plaintiffs filed the case too late under the governing law. The Court could also agree with Defendant that they have already repaid their profit or that Plaintiffs' calculation of Defendant's profits is wrong. The settlement avoids the risk of an unfavorable result for Class Members, which could mean no recovery at all.

1

In addition, the settlement will provide compensation more promptly than continuing with the litigation, which, as currently scheduled, will require a trial. There may also be one or more appeals by the unsuccessful party. Continuing this litigation would result in considerable delay and the expenditure of more resources.

**5.     How do I know if I am part of the settlement?**

The court has preliminarily approved the certification of a class for settlement purposes.  Class Members include the trustees and named fiduciaries of each employee benefit plan that, at any time between January 1, 2006 and July 13, 2012, held any interest in one or more Retirement Cash Management Accounts classified by Defendant as an "05" or "retail pricing" Account product, which was a subject of the FINRA Letter of Acceptance, Waiver, and Consent No. 20111029999301, whether (1) in the name of the plan, or (2) in the name of a trustee or named fiduciary on behalf of the plan, or (3) for the benefit of a participant in the plan; *and* that either (1) received, or was issued, whether for the benefit of the plan or a participant in the plan, a Remediation Payment in any amount, or (2) held an interest in an Omitted Remediation Account, meaning an account to which Merrill Lynch should have originally issued a Remediation Payment but did not.

**6.     Do I need to do anything to join the case and share in the settlement?**

No. You do not need to take any action to join the case. If the proposed settlement is approved by the court, and you are a member of the Class, you will participate in the Plan of Allocation in accordance with its terms and will receive a payment in accordance with the provisions of the Settlement Agreement.

**7.     Can I exclude myself from the settlement?**

No, you do not have the option to exclude yourself (or "opt out") of the Class if the court approves the settlement. If the settlement is approved, you will be bound by any judgments or orders that the court enters in this case, you will be deemed to have released Defendant Merrill Lynch from any and all claims that were asserted in this case, and you will not be able to sue Defendant Merrill Lynch on those claims.

Although you cannot exclude yourself from the case, you can object to the settlement and ask the court not to approve it. See the responses to Questions 13 and 14 below for more information on how to do that.

**8.     What does the settlement provide and how will funds be allocated to Class Members?**

The settlement provides a payment by Defendant Merrill Lynch of $25,000,000 which will be distributed according to a Plan of Allocation, which is being filed with the court and is described in the Settlement Agreement. Once you receive that money, it will be your responsibility as a fiduciary to determine how that money should or must be used to benefit your plan. You should consult with your own accountant or lawyer to determine what obligations you may have in that regard.

**9.     When will the settlement be approved?**

The court will hold a hearing at 3:00 p.m. on December 13, 2017 to decide whether to approve the settlement. It may take the court several weeks or months after the hearing before it decides. If the court approves the settlement, there may be appeals. If appeals are filed, it is uncertain how long it will take to resolve them. Please be patient.

**10.    What am I giving up in the settlement?**

Under this settlement, Class Members will give up or "release" the right to sue Merrill Lynch over any claim at issue in the lawsuit. This includes any claims about the same events and subject matter, including whether Merrill Lynch had a fiduciary duty and breached its fiduciary duty in connection with the Remediation payments, and any similar claims under state or federal law.

As explained in the Settlement Agreement, "Released Claims" means all claims that were or could have been pleaded in the Complaint against any one or more of Defendant's Released Parties by reason of: (a) any Claim or facts pleaded in the Complaint; and (b) any Claims that could have been pleaded in the Complaint based on the same factual predicate, including, but not limited to, any Claims relating directly or indirectly to the fees and sales charges charged to the RCMA 05 Account, which is a "Retirement Cash Management Account" classified by Merrill Lynch as an "05," or "retail pricing" Account product that was one of the subjects of the AWC.

A full description of the Release provisions of the Settlement are at Section VI of the Settlement Agreement and Release, a copy of which is available at www.fernandezvmerrilllynchsettlement.com or upon request from Class Counsel, whose contact information is set forth below.

This means that even if you discover facts in the future that were not known at the time of the settlement which you think demonstrate further violations related to this case, you may not sue Merrill Lynch. Even if new information is discovered, the settlement will be binding.

**THE LAWYERS REPRESENTING YOU**

The court has appointed the following lawyers to represent the Class, who are called Class Counsel:

Lawrence A. Kellogg
Jason Kellogg
Levine Kellogg Lehman Schneider + Grossman LLP
201 South Biscayne Boulevard, 22nd Floor
Miami, Florida 33131

Frank R. Rodriguez
Paulino A. Núñez
Rodriguez Tramont & Núñez, P.A.
255 Alhambra Circle, Suite 1150
Coral Gables, Florida 33134

You will not be charged fees or expenses by these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**11.    How will the lawyers be paid?**

Under the proposed settlement, Class Counsel will file a petition for attorneys' fees and expenses before the objections deadline. Merrill Lynch will not oppose Class Counsel's application for attorneys' fees so long as Class Counsel seeks no more than 35% of the settlement amount, to be paid out of the $25 million settlement payment. In addition to attorneys' fees, Class Counsel have incurred and will request reimbursement for out of pocket litigation expenses including fees for filing the action, expert fees, deposition transcripts, travel expenses, and similar expenses. These amounts will not exceed $300,000.

In addition to objecting to the proposed settlement, any Class Member may also advise the court about any objections he or she has to the adequacy of representation by Class Counsel or to Class Counsel's motion for attorneys' fees and expenses.

**12.    How will the Class Representatives be paid?**

Under the proposed settlement, the Class Representatives will request a Case Contribution Fee before the objections deadline. Merrill Lynch will not oppose Class Representatives' request so long as Class Representatives collectively seek no more than $150,000. Class Representatives are retirement plan trustees who pursued this litigation vigorously in an effort to obtain the maximum recovery, both for themselves and for you and the other Settlement Class Members. Class Representatives actively investigated and uncovered potential overcharges to their accounts, sought counsel, participated in and monitored the lawsuit, sat for depositions and otherwise responded to discovery about their own Plans and participated in mediation.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the settlement or some part of it, including the adequacy of the representation of the Class by the named plaintiffs and Class Counsel; the fairness of the settlement; and/or the fees and expenses sought by Class Counsel.

**13.    What does it mean to object?**

Objecting is simply telling the court that you do not like something about the settlement. It will not have any bearing on your right to receive payment under the settlement if the settlement is approved.

**14.    How do I tell the court that I don't like the settlement?**

You can object to the settlement if you dislike any part of it. You also can object to Class Counsel's application for fees and expenses or the Class Representatives request for a Case Contribution Fee. You must give reasons why you think the court should not approve the settlement or Class Counsel's fee and expense application or the Case Contribution Fee. To object, you must send a letter or other written statement stating that you object to the settlement in *Fernandez v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 15-22782-cv-MGC. Be sure to include "*Fernandez v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 15-22782-cv-MGC" on the first page of all documents, and provide your name, address, telephone number, and a full explanation of all the reasons you object to the settlement or to Class Counsel's application for fees and costs (and, if applicable, the name, address and telephone number of your attorney). Your written objection must be filed with the court on or before the date and time of the Fairness Hearing and mailed to the counsel listed below at the following addresses:

*Clerk of Court:*

Attn: Clerk of Court
Wilkie D. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue
Miami, FL 33128

*Counsel for Defendant:*

Donald Havermann
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004

*Counsel for Plaintiffs:*

Jason Kellogg
Levine Kellogg Lehman
Schneider + Grossman LLP
201 South Biscayne Boulevard, 22nd Floor
Miami, Florida 33131

Frank R. Rodriguez
Rodriguez Tramont & Núñez, P.A.
255 Alhambra Circle, Suite 1150
Coral Gables, Florida 33134

3

**THE COURT'S FAIRNESS HEARING**

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you are not required to.

**15.   When and where will the court decide whether to approve the settlement?**

The court will hold a Fairness Hearing at 3:00 p.m. on December 13, 2017 at the U.S. Courthouse, 400 North Miami Avenue, Miami, FL 33128. At this hearing, the court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the court will consider them. The Judge will determine whether and to what extent parties will be permitted to address the court at the hearing. The court will also decide the amount of Class Counsel's fees and expenses. After the hearing, the court will decide whether to approve the settlement. We do not know how long these decisions will take.

**16.   Do I have to attend the fairness hearing?**

No, Class Counsel will answer questions the Court may have. You are, however, welcome to come at your own expense. If you send an objection, you do not have to go to court to talk about it. As long as your objection is filed on or before 3:00 p.m. on December 13, 2017, the court will consider it. If you are a Class Member and have submitted an objection to the settlement along with a Notice of intention to Appear, you may ask the court for permission to speak — with or without an attorney — at the Fairness Hearing. You also have the right to retain a lawyer at your own expense to represent you at the fairness hearing, but it is not necessary to do so.

**GETTING MORE INFORMATION**

This Notice summarizes the proposed settlement, but more details are set forth in the Parties' Settlement Agreement. To obtain a copy of the Settlement Agreement or more information regarding the settlement, including Class Counsel's fee application once it is filed, you may do the following:

- Visit the settlement website at www.fernandezvmerrilllynchsettlement.com;

- Call toll-free to speak to someone about the settlement: 866-728-1893;

- Contact Class Counsel to request documents;

- Inspect any of the documents filed in this case by visiting the office of the Clerk of Court, U.S. Courthouse, 400 North Miami Avenue, Miami, FL 33128, during regular business hours, where you can review the filings or purchase copies of those documents.